**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

S L HUGLON                                    CIVIL ACTION NO. 24-0595

                                              SECTION P

VS.

                                              JUDGE TERRY A. DOUGHTY

NOLEN BASS, ET AL.                            MAG. JUDGE KAYLA D. MCCLUSKY

**REPORT AND RECOMMENDATION**

Plaintiff S L Huglon, a prisoner at Tensas Parish Detention Center ("TPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 6, 2024, under 42 U.S.C. § 1983. He names Warden Nolen Bass and Assistant Warden A. Johnson as defendants.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff claims that at TPDC, he was forced to defecate in clear bags from February 25-29,[2] because the water at the facility was off. [doc. #s 1, p. 3; 8, pp. 1, 2]. He had to place his small clear bags in a larger bag full of excrement located in a shower. [doc. # 1, p. 3]. He claims that "bags upon bags of urine and feces [were] piled up inside the shower area where [inmates] were also forced to bath[e] and clean[,]" which exposed him to other inmates' "HIV/AIDS, tuberculosis, [and] hippotitus[.] [sic]." [doc. # 8, pp. 1-2]. The bags were not "removed in a timely manner." [doc. # 8, p. 4]. He alleges that toilets did not flush because they were full of feces for a substantial length of time. [doc. #s 1, p. 3; 8, p. 3]. He stepped in

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[2] Plaintiff does not specify the year.

excrement from overflowing toilets.  [doc. # 8, p. 4].  He inhaled feces and urine odors.  [doc. #s 1, p. 3; 8, pp. 3-4].  He was not provided cleaning supplies.  *Id.*  He had headaches, a running nose, eye irritation and burning, difficulty breathing, difficulty sleeping, social exhaustion, post-traumatic stress disorder, dysentery, and pneumonia.  [doc. #s 1, p. 3; 8, pp. 1, 3-4].

Plaintiff also claims that he was deprived of water.  [doc. # 1, p. 3].  From February 25-29, he received one twenty-ounce bottle of water after each meal.  [doc. # 8, p. 1].  He also alleges that for one week, he was not given an opportunity to wash his hands, brush his teeth, or adequately hydrate.  *Id.* at 2.  He suffered skin irritation from lack of bathing.  *Id.* at 4-5.  He also alleges that he suffered from extreme dehydration.  *Id.* at 5.

In an amended pleading, Plaintiff presents the following staccato list: "throat irritation, black mold in shower, hazardous toxins, inactivity, depression, anxiety, unable to wash hands, unable to bathe, don't remove bags of feces in timely manner, blocked up air vents, exposure to feces, no recycled air flow, lack of running water, contaminated water, defecating in plastic bags, urinating in the shower, lack of power, lack of mental health services, no running AC, stagnant water on floor, fungus, rust on tables, rust on books, gnats, odor from feces [], no proper ventilation, limited supply of drinking water, lack of medical services, damaged sewer system, debris on ceiling, mold on ceiling, rust on walls, rust on floors, mold on walls, mold on floor, mold on beds [that are] on the wall, mold on beds, skin rashes, cramped spaces, extreme filth and bacteria, extreme dehydration, constant paranoia, blurred vision, [and] throat irritation. [sic]."  [doc. # 8, pp. 6-7 (numbering omitted)].

Plaintiff seeks $500,000.00.  [doc. #s 1, p. 4; 8, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[3] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis*,* his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[3] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc*., 614 F.3d 145, 148 (5th Cir. 2010) (*quoting Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights

complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Supervisory Liability**

Plaintiff names Warden Nolen Bass and Assistant Warden A. Johnson as defendants. "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (*quoting Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Here, Plaintiff does not offer any allegations against Bass and Johnson. Thus, he does not allege that defendants affirmatively participated in any act that caused a constitutional deprivation or that there was a sufficient causal connection between their conduct and any

alleged constitutional violation.[4]  Instead, Plaintiff suggests, at best, only vicarious liability, essentially naming these individuals as defendants solely because of the positions or titles they hold.  *See Taylor v. LeBlanc*, 851 F. App'x 502, 503 (5th Cir. 2021) ("Taylor failed to identify specifically any action that either defendant took or any policy that either implemented, which subjected Taylor to unconstitutional prison conditions."); *Thompkins v. Belt*, 828 F.2d 298, 305 (5th Cir. 1987) ("[M]isconduct of Sheriff Belt's employees cannot be imputed to the sheriff individually . . . .").

Nor does Plaintiff allege that these defendants implemented an unconstitutional policy, practice, custom, or procedure that deprived him of any constitutional right.[5]

Accordingly, the Court should dismiss Plaintiff's claims against these defendants.

---

[4] *See Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

[5] The undersigned previously instructed Plaintiff to "provide any information to establish that defendants knew of a substantial risk of serious harm and disregarded that risk."  [doc. # 7].  In failing to explain defendants' involvement, Plaintiff fails to plead that defendants were deliberately indifferent.  *See Correa v. Dretke*, 122 F. App'x 112, 114 (5th Cir. 2005) ("Because Correa did not allege Thaler was personally involved in a constitutional deprivation, his complaint did not state a viable deliberate indifference claim against Thaler.").  To establish an Eighth Amendment violation, a prisoner must demonstrate that a prison official was deliberately indifferent to conditions that resulted in the "extreme deprivation[,]" *Shannon v. Vannoy*, 682 F. App'x 283, 285 (5th Cir. 2017), of the "minimal civilized measure of life's necessities." *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008).  To establish deliberate indifference, the prisoner must show that the official knew of and disregarded an excessive risk to inmate health or safety; the official must have been both aware of facts from the inference could be drawn that a substantial risk of serious harm exists, and he must have drawn the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

## <u>Recommendation</u>

For the reasons above, **IT IS RECOMMENDED** that Plaintiff S L Huglon's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 25th day of July, 2024.

_____
Kayla Dye McClusky
United States Magistrate Judge

7